# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS NOVEMBER 17, 2009

## T.O.T.S. (TEMP. OWNED TEMPORARY SERVICE) v. WHIRLPOOL CORPORATION, ET AL.

**Direct Appeal from the Circuit Court for Madison County**
No. C-08-34    Don Allen, Judge

---

**No. W2009-01855-COA-R3-CV - Filed December 18, 2009**

---

This appeal involves a complaint for breach of contract filed by a corporation that had been administratively dissolved prior to the date of the contract. The defendants filed a motion to dismiss, claiming that the plaintiff-corporation lacked capacity and/or standing to bring the suit. The plaintiff then filed a motion to amend, seeking to have the corporation's founder substituted as the party plaintiff. The trial court denied the motion to amend and dismissed the complaint. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Stephen C. Brooks, Jackson, TN for Appellant

Tim K. Garrett, Nashville, TN, for Appellees

# OPINION

## I. FACTS & PROCEDURAL HISTORY

On February 4, 2008, T.O.T.S. (Temp. Owned Temporary Service), Inc. ("TOTS, Inc.") filed a complaint against Whirlpool Corporation and its employee, Janice Page, ("Defendants") seeking to recover payments it had made to the Defendants. The complaint stated that TOTS, Inc. was "a Tennessee corporation doing business as same in Madison County, Tennessee, at all times relevant to this matter." TOTS, Inc. alleged that it provided temporary workers to Whirlpool's manufacturing plant, and that Defendant Page had improperly demanded payments in excess of the parties' contractual agreement, constituting a breach of contract. TOTS, Inc. claimed that it had reluctantly made $455,000 in improper payments to Defendant Page between 2000 and 2007 in order maintain the business relationship. It also alleged that it made $99,000 "in like kind payments" to Defendant Page, for a total of $554,000 in improper payments. TOTS, Inc. sought a judgment for that amount, plus interest, costs, and attorney's fees, against the Defendants.

Defendants filed an answer denying the substantive allegations of the complaint and also asserting that TOTS, Inc. was not incorporated in the State of Tennessee. Defendants averred that TOTS, Inc.'s charter had been revoked in 1998, and therefore, it lacked capacity and/or standing to prosecute the lawsuit.

In response to Defendants' request for admissions, TOTS, Inc. admitted that "TOTS' Charter was revoked in or around 1998, but assert[ed that] TOTS continued to operate as an entity with [Defendants]." Defendants then filed a motion to dismiss on the ground that TOTS, Inc. lacked the capacity to prosecute the lawsuit. Defendants contended that TOTS, Inc. was precluded from bringing the suit because TOTS, Inc. was not an active corporation at the time when it entered into the contract with Defendants, and it was therefore conducting business in violation of Tennessee law.

TOTS, Inc. then filed a "Motion to Amend Complaint and in Response to the Motion to Dismiss," seeking to remove TOTS, Inc. as the party plaintiff and to substitute "Isaac Brooks, formerly doing business as TOTS." The motion stated that although the Plaintiff originally alleged that it was incorporated at the time of entering into the contracts, "unbeknown to Plaintiff, its corporate status was not in compliance with the State of Tennessee requirements for valid corporate status." The motion further stated that the payments at issue were made "by Isaac Brooks, believing he was a proper corporate entity." Isaac Brooks also submitted an affidavit, stating that he was the original founder of TOTS and that it was incorporated in 1994. He stated that he continued to do business as TOTS after its corporate charter "expired" in 1998.

Following a hearing, the trial court entered an order granting Defendants' motion to dismiss and denying TOTS, Inc.'s motion to amend the complaint. The court found that TOTS, Inc.'s corporate charter had been revoked in 1998 by the Tennessee Department of Revenue, and that TOTS, Inc. had not been an active corporation since that time, as it had taken no action to file a new charter or otherwise become a legally recognized corporation. As such, the court found that TOTS,

Inc. was not authorized to conduct business in Tennessee and had no identity as a matter of Tennessee law at the time that it dealt with Defendants. The court concluded that TOTS, Inc. could not state a cause of action for breach of contract if it was conducting business in violation of state law. Regarding the motion to amend, the court found that it would circumvent Tennessee Code Annotated section 48-24-202(c) and the public policy embodied in the statute if Mr. Brooks was substituted as the real party in interest some ten years after revocation of the charter.

Acting pro se, Mr. Brooks, although neither a party nor an attorney retained to represent TOTS, Inc., filed a notice of appeal to this Court. This Court dismissed the appeal for lack of a final judgment because the trial court had not addressed a motion for sanctions and counterclaim filed by Defendants. *See T.O.T.S. (Temp. Owned Temporary Service), Inc. v. Whirlpool Corp.*, No. W2008-02473-COA-R3-CV, 2009 WL 2242693 (Tenn. Ct. App. July 28, 2009). Defendants subsequently withdrew their motion for sanctions, and the trial court entered an order of voluntary dismissal of Defendants' counterclaim. TOTS, Inc., after retaining counsel, timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, TOTS, Inc. claims that the trial court erred in granting Defendants' motion to dismiss, in denying TOTS, Inc.'s motion to amend the complaint, and "in ruling that Plaintiff was not authorized to conduct business in Tennessee as a sole proprietor." For the following reasons, we affirm the decision of the circuit court.

## III. DISCUSSION

A corporation that has been administratively dissolved "may not carry on any business except that necessary to wind up and liquidate its business and affairs . . . and notify claimants . . . ." Tenn. Code Ann. § 48-24-202(c). In *KHB Holdings, Inc. v. Duncan*, No. E2002-02062-COA-R3-CV, 2003 WL 21488268, at *1 (Tenn. Ct. App. June 25, 2003) *perm. app. denied* (Tenn. Dec. 22, 2003), the Court squarely addressed the same issues we have before us. KHB Holdings, Inc. was incorporated for a number of years before its charter was revoked by the Tennessee Department of Revenue for failure to pay taxes. *Id.* Two years later, KHB ostensibly entered into a contract with the Duncans to construct a residence. *Id.* KHB subsequently sued the Duncans for breach of contract and *quantum meruit*. *Id.* The sole shareholder, sole director, and president of KHB, Mr. Boyd, later sought to be substituted as the "real party in interest." *Id.* The trial court dismissed the complaint and denied the motion for substitution, and the Court of Appeals affirmed, explaining:

> [T]here was no claim against the Duncans that could pass to Boyd for the simple reason that KHB was prohibited by state law from entering into the subject contract and hence did not acquire any claims arising out of what was essentially an illicit relationship.
>
> KHB, by attempting to enter into a contract with the Duncans more than two years after its charter had been revoked, was carrying on corporate business after

dissolution, conduct that was clearly in violation of Tenn. Code Ann. § 48-24-202(c). To allow Boyd to be substituted for KHB and pursue this claim against the Duncans would circumvent the statute and thwart the sound public policy embodied in the statute. We therefore find no error in the trial court's denial of Boyd's motion for substitution.

*Id.* at *3. The Court recognized that if KHB had gone through the necessary procedures to have its charter reinstated before trial,[1] its contract would have been validated pursuant to Tennessee Code Annotated section 48-24-203(c), which provides that when reinstatement becomes effective, it "relates back to and takes effect as of the effective date of the administrative dissolution, and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." *Id.* at *2-3. However, KHB had not taken such steps and its charter was not reinstated; therefore, its complaint was properly dismissed. *Id.* at *3.

The recent case of ***Wynn v. La Maruja Realty Company***, No. M2008-01511-COA-R9-CV, 2009 WL 2957922 (Tenn. Ct. App. Sept. 15, 2009), involved another dissolved corporation that ostensibly entered into a contract. The other party to the contract claimed that the contract was void *ab initio* and moved to dismiss a complaint for specific performance of the contract due to the corporation's alleged lack of capacity to contract and lack of standing. *Id.* at *1. However, the corporation's president filed an application with the Tennessee Secretary of State for reinstatement as an active Tennessee corporation and paid several years of back taxes and the required fees to have the corporation reinstated. *Id.* The Court of Appeals concluded that the contract would have been void *ab initio* "if [the president] had not taken the necessary steps to reinstate the corporate status." *Id.* at *4.

On appeal, TOTS, Inc. urges us to follow ***Sykes v. Cooper***, No. 84-52-II, 1985 Tenn. App. LEXIS 2780 (Tenn. Ct. App. M.S. Mar. 29, 1985), wherein the Court held that a promissory note executed in favor of a dissolved corporation was enforceable. However, we find ***Sykes*** distinguishable because it was resolved under the Uniform Commercial Code, as it involved a negotiable instrument, and in addition, the parties in that case had agreed that the individual operating in the name of the corporation could be substituted as the plaintiff because he was the real party in interest. *Id.* at *3, 5.

---

[1] Tennessee Code Annotated section 48-24-203(a) provides:

(a) A corporation administratively dissolved under § 48-24-202 may apply to the secretary of state for reinstatement. The application must:
(1) Recite the name of the corporation at its date of dissolution;
(2) State that the ground or grounds for dissolution either did not exist or have been eliminated;
(3) State a corporate name that satisfies the requirements of § 48-14-101; and
(4) Contain a certificate from the commissioner of revenue reciting that the corporation has properly filed all reports and paid all taxes and penalties required by the revenue laws of this state.

Based on the reasoning of **KHB Holdings** and **Wynn**, previously discussed, we find that the trial court properly dismissed TOTS, Inc.'s complaint and denied its motion to amend. We agree with the trial court's conclusion that allowing Mr. Brooks to be substituted for TOTS, Inc. as the "real party in interest" would circumvent the statutory prohibition against conducting business after dissolution, in addition to the procedures set forth for obtaining reinstatement following administrative dissolution.

TOTS, Inc. argues on appeal that after its corporate status was administratively dissolved, Mr. Brooks simply chose to operate as a sole proprietorship rather than a corporation. TOTS apparently claims that Mr. Brooks was conducting business as a sole proprietor, not a corporation, when he contracted with Defendants. It argues that the trial court "erred in ruling that Plaintiff was not authorized to conduct business in Tennessee as a sole proprietor." We find no such ruling in the record before us. Although we do not have a transcript of the trial court's hearing on the motions, the court's order does not mention any argument by Plaintiff that Mr. Brooks was operating as a sole proprietor. In fact, TOTS, Inc. repeatedly represented to the court that Mr. Brooks was attempting to conduct business as a corporation. Its complaint states that TOTS, Inc. was "a Tennessee corporation *doing business as same* in Madison County, Tennessee, at all times relevant to this matter." (emphasis added). TOTS, Inc.'s motion to amend clearly states that "unbeknown to Plaintiff, its corporate status was not in compliance with the State of Tennessee requirements for valid corporate status." The motion further stated that the payments at issue were made "by Isaac Brooks, *believing he was a proper corporate entity*." (emphasis added). Thus, TOTS, Inc. cannot now argue that Mr. Brooks was operating as a sole proprietor in dealing with Defendants.[2]

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to the appellant, T.O.T.S. (Temp. Owned Temporary Service), Inc., and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

_____

[2] We note that TOTS, Inc. attached numerous documents to its brief on appeal, apparently in support of its position that it was operating as a sole proprietorship. However, these documents were not made part of the record before the trial court, and we will not consider them on appeal. We cannot take judicial notice of materials simply appended to or included within briefs that are not properly made part of the record on appeal. **Willis v. Tenn. Dep't of Corr.**, 113 S.W.3d 706, 713 n. 6 (Tenn. 2003).